Fe✎AO 442 (Rev. 08/07) Warrant for Arrest

# UNITED STATES DISTRICT COURT

Western _____ District of _____ Texas

UNITED STATES OF AMERICA

V.

Amber Carolyn Scarffol

**WARRANT FOR ARREST** Case

Number: A:11-CR-00589-(03)DAE

1:24-mj-782 - MJ LITKOVITZ - CINCINNATI

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED _____ Amber Carolyn Scarffol
                                              Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☐ Order of court

☐ Pretrial Release Violation Petition   ☐ Probation Violation Petition   X Supervised Release Violation   ☐ Violation Notice

charging him or her with   (brief description of offense)

☐ in violation of Title  18  United States Code, Section(s)  3606

☐ in violation of the conditions of his or her pretrial release imposed by the court.

X  in violation of the conditions of his or her supervision imposed by the court.

Philip Devlin
Name of Issuing Officer

Clerk, U.S. District Court
Title of Issuing Officer

*Christina Cordero* (signature)
Signature of Issuing Officer

8 13 3 14246"""Cwurkp."VZ
Date and Location

## RETURN

This warrant was received and executed with the arrest of the above-named individual at:

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

PROB 12C
(REV. 12/04)

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

**FILED**
June 11, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ps_____
DEPUTY

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  Amber Carolyn Scarffol                    Case Number: A:11-CR-00589(03)DAE
                                                                         1:24-MJ-782 MJ LITKOVITZ-CINCINNATI

Name of Sentencing Judicial Officer:  Honorable Lee Yeakel, U.S. District Judge

Date of Original Sentence: July 6, 2012

Original Offense: Aided and Abetted Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C § 2.

Original Sentence: One Hundred and Thirty-Eight (138) months custody in the United States Buruea of Prisons, followed by a five (5) year term of supervised release; Special conditions include: substance abuse treatment, mental health treatment, abstain from alcohol use, take all medications as prescribed, shall not incur any new lines of credit or open any new additional lines of credit without approval, shall apply all monies received to the outstanding court-ordered financial obligations, shall work towards obtaining a G.E.D., pay a $100 special assessment (satisfied), and pay $108,127.00 restitution ($93,570.37 balance).

Type of Supervision:  Supervised Release                    Date Supervision Commenced: May 4, 2021

Assistant U.S. Attorney: Christopher L. Peele               Defense Attorney:  Richard T. Jones (appointed)

---

### PREVIOUS COURT ACTION

On March 11, 2021, due to the defendant not having an established release plan, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was filed with to the Court requesting a for a modification for a 180-day placement at the Residential Reentry Center. The Court agreed to the modification.

On July 29, 2021, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was filed with the Court requesting a modification to establish the defendant pay $50.00 a month towards her court ordered financial obligations. The Court agreed to the modification.

On January 28, 2022, a Report on Offender Under Supervision was filed with the Court advising the defendant was unsuccessfully terminated from a sober living facility after testing positive for alcohol. Additionally, the defendant failed to maintain payments towards her court ordered financial obligations. It was respectfully recommended no action be taken as the defendant was readmitted into the Residential Reentry Center. The Court agreed.

On January 16, 2024, the case was transferred to Senior United States District Judge David A. Ezra under docket number A:11-CR-00589(03)DAE.

On January 26, 2024, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was filed with the Court requesting a modification for location monitoring after it was discovered the defendant received several citations for Driving While License Invalid and was involved in a prostitution ring.

Scarffol, Amber Carolyn
Petition for Warrant or Summons for Offender Under Supervision
Page 2

It was later discovered she was involved with the prostitution ring in an undercover capacity. Furthermore, the defendant did engage in sexual acts for financial compensation outside of her undercover capacity. The Court agreed to the modification.

On April 10, 2024, a Report on Offender Under Supervision was filed with the Court advising the defendant submitted a positive urine specimen for cocaine on February 9, 2024, and another positive urine specimen for marijuana, amphetamines, methamphetamine, and cocaine on March 5, 2024. It was also reported that the offender failed to obtain employment and failed to make payments toward her restitution. It was respectfully recommended that no action be taken and the defendant complete drug treatment and begin making payments toward her balance. The Court agreed.

## PETITIONING THE COURT

[X] To issue a warrant.     [ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation of Special Condition:** "The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay."

**Violation of Special Condition:** "The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation office. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay."

**Nature of Noncompliance:** On Februaty 21, 2020, Scarffol was instructed to attend two individual co-occurring counseling sessions per month at the Court's contracted treatment provider. As of this writing, the offender has attended three individual treatment sessions at Wood County Day Report Center in Parkersburg, West Virginia. Scarffol was a no call and no show for individual co-occurring treatment sessions on March 26, 2024, and April 16, 2024

On February 21, 2024, Scarffol was instructed to attend urine screens twice monthly at the Court's contracted treatment provider. The offender failed to attend random urine screening at Wood County Day Report Center in Parkersburg, West Virginia, on March 1, March 21, April 5, April 10, April 19, and April 24, 2024.

On May 13, 2024, the probation officer secured placement for the offender at Recovery Point, a long-term residential treatment facility in Charleston, West Virginia. On that same date, the probation officer directed Ms. Scarffol to report to Recovery Point on May 15, 2024, by 2:00pm to begin inpatient treatment. Ms. Scarffol failed to report for treatment as directed.

**Violation of Special Condition:** "The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision."

Scarffol, Amber Carolyn
Petition for Warrant or Summons for Offender Under Supervision
Page 3

**Violation of Mandatory Condition No. 2:** "The defendant shall not unlawfully possess a controlled substance."

**Violation of Mandatory Condition No. 3:** "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant."

**Nature of Non-compliance:** On November 21, 2021, Scarffol was discharged from Green Meadow sober living due to testing positive for alcohol. On November 21, 2021, in a phone interview with Scarffol, she indicated she and another resident rented a hotel room for the night and decided to drink alcohol on the evening of November 20, 2021.

On February 9, 2024, the offender submitted a urine specimen that tested positive for cocaine. The offender denied illegal drug use, however, the specimen was sent to the testing laboratory and the results were confirmed positive for cocaine.

On March 5, 2024, the offender provided another urine specimen that tested positive for marijuana, amphetamines, methamphetamines, and cocaine. The offender denied illegal drug use. The specimen was sent to the testing laboratory and the results were confirmed positive for marijuana, amphetamine, methamphetamine, and cocaine.

On May 10, 2024, Scarffol submitted a urine specimen that tested positive for marijuana, amphetamine, methamphetamine, ethyl sulfate (alcohol), and cocaine. The offender denied illegal drug use. The specimen was sent to the testing laboratory and the results were confirmed positive for marijuana, ethyl sulfate, amphetamine, methamphetamine, and cocaine.

**Violation of Mandatory Condition No. 1:** "The defendant shall not commit another federal, state, or local crime during the term of supervision."

**Nature of Noncompliance:** On April 25, 2023, Scarffol was issued citations for operating a vehicle without a valid driver's license and operating a motor vehicle without a valid certificate of inspection. On May 15, 2023, she pled guilty to both misdemeanor counts and was assessed $350.50 in fees and court costs.

On August 27, 2023, Scarffol was issued citations for operating a vehicle without a valid driver's license and operation without a certified inspection or failure to produce a certificate. On October 30, 2023, she pled guilty to both counts and was assessed $557.96 in fees and court costs.

**Violation of Standard Condition No. 1:** "The defendant shall not leave the judicial district without permission of the court or probation officer."

**Violation of Standard Condition No. 5:** "The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

Scarffol, Amber Carolyn
Petition for Warrant or Summons for Offender Under Supervision
Page 4

**Violation of Standard Condition No. 12:** "The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court."

**Nature of Non-compliance:** On September 28, 2023, Scarffol was detained by the Washington County Sheriff's Department, in Marietta, Ohio, for her involvement in a prostitution ring. While detained by the Sheriff's Department, Scarffol agreed to cooperate with law enforcement by continuing to engage individuals to meet her for sexual acts in an undercover capacity in exchange for not being charged. It should be noted, the offender did not have prior permission to travel outside of the Southern District of West Virginia nor did she have the permission of the Court to operate in an undercover capacity.

On October 4, 2023, during a phone conversation with the probation officer, Scarffol admitted to performing sexual acts from September 24 through September 26, 2023. She admitted to meeting seven to eight men during the above-mentioned dates and preforming sexual acts in exchange for an estimated $1,000 in United States currency. On November 9, 2023, Scarffol signed a statement acknowledging her conduct.

Additionally, the offender was unemployed from December 2023 through March 2024.

## U. S. Probation Officer Recommendation: The term of supervision should be revoked.

Approved by,

for_____
Patricia A. Whitson
Supervising U.S. Probation Officer
Date: June 7, 2024

Respectfully submitted,

_____
Lyza De La Fuente
Senior U.S. Probation Officer
Date: June 7, 2024

Received by:

_Mark H. Marshall_
Mark Marshall
Assistant U.S. Attorney

[X] recommend   [ ] does not recommend   Justification:_____

**THE COURT ORDERS:**

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____
Honorable David A. Ezra
Senior United States District Judge

Date: _____06/11/2024_____